DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
George Torres was convicted of and sentenced for committing two sex offenses in 1990. He remains incarcerated as a result of the sentences imposed for those crimes. On January 30, 1998, as a result of a hearing pursuant to R.C.2950.09(C), Torres was determined to be a sexual predator. R.C. 2950.09(C) was not in effect when he committed, was convicted of, and sentenced for the predicate crimes. He has timely appealed his adjudication as a sexual predator.
He has assigned as error that his adjudication as a sexual predator, under a law that became effective after his commission of the crimes on which it was predicated, violates constitutional prohibitions against retroactive and ex post facto laws.
The Ohio Supreme Court has held that the provisions of R.C.2950.09(B) violate neither the Retroactivity Clause of Section 28, Article II of the Ohio Constitution nor the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Statev. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. The Cook decision is a narrow one, directly applicable only to R.C. 2950.09(B), under which individuals are sentenced and adjudicated after the effective date of R.C. 2950.09. Torres' eligibility for adjudication as a sexual predator arose because on the date he was adjudicated he was still incarcerated for the commission of a sex offense of which he was convicted, and for which he was sentenced, prior to the effective date of R.C.2950.09. We have explicitly extended the Cook reasoning to the circumstances of which Torres complains, and have determined that a sexual predator adjudication held under these circumstances does not violate the constitutional prohibitions against retroactive and ex post facto laws. State v. Brintzenhofe (May 12, 1999), Summit App. No. 18924, unreported, at 8-9. We overrule Torres' assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM R. BAIRD
FOR THE COURT
WHITMORE, J.
CONCURS
CARR, J.
CONCURS IN JUDGMENT ONLY